USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _2/21/2025_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN COKE NG,

                Plaintiff,

          -against-

SEDGWICK GLOBAL INC.; SEDGWICK, INC.;
SEDGWICK, L.P.; SEDGWICK CMS HOLDINGS,
INC.,

                Defendants.

1:23-cv-10380 (MKV)

**OPINION AND ORDER
GRANTING MOTION TO
DISMISS THE AMENDED
COMPLAINT**

---

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Brian Coke Ng, proceeding *pro se*, brought this diversity action against Defendants Sedgwick Global Inc., Sedgwick, Inc., Sedgwick, L.P., and Sedgwick CMS Holdings, Inc., (collectively, "Sedgwick" or "Defendants") alleging claims for promissory estoppel, equitable estoppel, and negligent misrepresentation. ("Am. Comp.," [ECF No. 4]). Defendants move to dismiss the Amended Complaint, [ECF No. 26], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and filed a memorandum of law in support asserting that Plaintiff has failed to state a claim. ("Def. Mem.," [ECF No. 28]). Plaintiff opposed. ("Pl. Opp.," [ECF No. 42]). For the reasons discussed below, Defendants' motion is GRANTED.

## BACKGROUND

### I.    FACTUAL BACKGROUND

      Plaintiff was a customer at a local Kmart Pharmacy. Am. Compl. ¶ 5. Defendants allegedly own and control Sedgwick Claims Management Services Inc., the third-party claims administrator that handled claims for Kmart Pharmacy, Kmart Holding Corporation, and Sears Holding Corporation. Am. Compl. ¶¶ 6, 8.

1

Plaintiff alleges that he was prescribed Sertraline/Zoloft in 2010 and Kmart Pharmacy incorrectly filled his prescription, gave him the incorrect instructions, and provided him the wrong dosage amounts. Am. Compl. ¶¶ 31–32. He further alleges that as a result of Kmart Pharmacy's error he experienced vomiting, serotonin syndrome, and latent injuries. Am. Compl. ¶ 31. Plaintiff alleges that in February 2017, he experienced new symptoms, received medical testing, and ultimately was diagnosed with Myalgia and Drug Induced Movement Disorder. Am. Compl. ¶¶ 35–36, 39.

Plaintiff allegedly made a phone call on February 24, 2017, to the Kmart Pharmacy that had originally prescribed the medication to him in 2010 and spoke with a pharmacist about his ongoing situation. Am. Comp. ¶ 37. On that same day, Plaintiff claims that a "Quality Related Event Report" was created by Kmart Pharmacy and it was allegedly eventually sent to third-party claims administer Sedgwick Claims Management Services Inc. to investigate the claim. Am. Compl. ¶ 38 (E)–(F).

Plaintiff claims that a few days later, Sandra Brach from Sedgwick Claims Management Services Inc. left him two voicemails. Am. Compl. ¶¶ 40–41. Then on March 14, 2017, Plaintiff and Ms. Brach spoke on the phone. Am. Comp. ¶ 44. Ms. Brach allegedly asked Plaintiff to explain what happened to him. Am. Compl. ¶ 46. Plaintiff alleges that he described how the drug overdose happened, his symptoms, and the expenses that he suffered because of this situation. Am. Compl. ¶ 47. Plaintiff claims that after he explained his situation to Ms. Brach, Ms. Brach stated that since the incident took place in 2010 there was nothing further that she or Sedgwick Claims Management Services Inc. could do because of the statute of limitations. Am. Comp. ¶ 49. Plaintiff claims that he explained to Ms. Brach that his claims were based on the latent injuries he suffered, and they continued discussing his claim. Am. Compl. ¶ 50. Plaintiff alleges that Ms.

Brach repetitively responded "ok" to his statements, asked him to confirm his injuries, and requested that Plaintiff send her copies of the documents he was referencing on the phone call. Am. Compl. ¶¶ 51–53, 56–58.  On March 23, 2017, Ms. Brach sent Plaintiff an email, with an attached letter, denying his claim based upon the applicable statute of limitations.  Am. Compl. ¶ 59.

## II.    PROCEDURAL BACKGROUND

Plaintiff initially brought claims against Kmart Pharmacy, Kmart Holding Corporation, Sears Holding Corporation, and Defendant Sedgwick Claims Management Services, Inc., based on the same underlying facts as alleged in this case in a different action, *Ng v. Kmart Pharmacy et al*.  *See* Case No. 1:18-cv-09373(MKV).  Plaintiff's initial action was ultimately voluntarily dismissed with prejudice in January 2023 against Sears Holding Corporation, Kmart Pharmacy, and Kmart Holding Corporation because all claims against those Defendants were permanently enjoined by order of the Bankruptcy Court in connection with the bankruptcy and reorganization of Sears Holding Corporation.  *See* Case No. 1:18-cv-09373(MKV) at ECF Nos. 25, 26. Subsequently, the parties voluntarily dismissed the action without prejudice against Defendant Sedgwick.  *See* Case No. 1:18-cv-09373(MKV) at ECF No. 57.

Thereafter on March 14, 2023, Plaintiff brought an action against Sedgwick Claims Management Services, Inc. and its employee Ms. Brach asserting claims for promissory estoppel and equitable estoppel.  *See* Case No. 1:23-cv-02145(MKV).[1]  In the parallel action, Plaintiff sought leave to file an amended complaint to add additional defendants.  *See* Case No. 1:23-cv-02145(MKV) at ECF No. 44.  The Court denied Plaintiff's request to amend but stated that Plaintiff may be able to file a separate action for claims against these additional defendants.  *See* Case No.

---

[1] By separate opinion and order, the Court has dismissed the claims in the parallel case.

1:23-cv-02145(MKV) at ECF No. 46.  Shortly thereafter, Plaintiff brought this action asserting claims against Defendants Sedgwick Global Inc., Sedgwick, Inc., Sedgwick, L.P., and Sedgwick CMS Holdings, Inc. based on the same underlying facts asserted in the complaint filed against Kmart Pharmacy, Kmart Holding Corporation, Sears Holding Corporation, and Sedgwick Claims Management Services, Inc., in Case No. 1:18-cv-09373(MKV) and the complaint filed against Sedgwick Claims Management Services, Inc. and Sandra Brach in Case No. 1:23-cv-02145(MKV).  Am. Comp. ¶¶ 1–3.

Plaintiff's Amended Complaint here similarly asserts claims against Defendants for promissory estoppel and equitable estoppel, but also includes a claim for negligent misrepresentation.  Am. Compl. ¶¶ 91–126.  Plaintiff asserts that because of Defendants he has suffered damages totaling $3.8 million and out of pocket expenses totaling over $30,000.  Am. Compl. ¶¶ 100–01.

## **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  This "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

A complaint filed by a *pro se* plaintiff "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).  Nevertheless, the

complaint must satisfy the *Twombly-Iqbal* plausibility standard.  *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80–81 (2d Cir. 2020).  "[T]o survive a Rule 12(b)(6) motion, a *pro se* plaintiff must support his claims with 'specific and detailed factual allegations, not stated in wholly conclusory terms.' " *Wightman–Cervantes v. ACLU*, No. 06-CV-4708, 2007 WL 1805483, at *1 (S.D.N.Y. June 25, 2007) (quoting *Friedl v. City of New York*, 210 F.3d 79, 85–86 (2d Cir. 2000)).

## DISCUSSION

### I.    PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM
###       FAILS AS A MATTER OF LAW

To state a claim for promissory estoppel under New York law, Plaintiff must allege: (i) a sufficiently clear and unambiguous promise; (ii) reasonable reliance on the promise; and (iii) injury caused by the reliance.  *Wilson v. Dantas*, 29 N.Y.3d 1051, 1062, 80 N.E.3d 1032 (2017); *see also Castellotti v. Free*, 138 A.D.3d 198, 204, 27 N.Y.S.3d 507, 513 (1st Dep't 2016); *ED Cap., LLC v. Bloomfield Inv. Res. Corp.*, 757 F. App'x 26, 29–30 (2d Cir. 2018).

Plaintiff fails to sufficiently plead a claim for promissory estoppel because, even accepting his allegations as true, there was no clear and unambiguous promise.  The Amended Complaint points to the March 14, 2017 phone call between Plaintiff and Ms. Brach as the basis for the alleged promises.  Specifically, Plaintiff alleges that Ms. Brach "had made a clear and unambiguous promise, that I should send her 'whatever' I have, pertaining to my latent effect claims, and latent injury claims, and she will go over it all, and that she will be in contact with me once she get that from me."  Am. Compl. ¶ 56.  Plaintiff also alleges that "Defendants promised to review/investigate my latent effects claim and latent injury claim."  Am. Comp. ¶ 92.

These alleged promises amount only to a willingness to consider his documents and are insufficient to support a claim of promissory estoppel.  *See Lamda Sols. Corp. v. HSBC Bank USA,*

*N.A.*, 574 F. Supp. 3d 205, 215 (S.D.N.Y. 2021) (dismissing a promissory estoppel claim because "the specific allegations in the complaint relating to the alleged promise establish that [the defendant] merely stated a willingness to consider issuing an assignment of proceeds, but did not promise to do so."); *see also Henneberry v. Sumitomo Corp. of America*, 415 F. Supp. 2d 423, 448 (S.D.N.Y. 2006) ("[A] party *willing to* act is merely 'inclined or favorably disposed in mind' to do so, which . . . falls short of a declaration to do or not do, as required by a claim for promissory estoppel.") (emphasis in original). There are no allegations of a clear and unambiguous promise, but rather only that Ms. Brach was willing to review documents and his claim. This is insufficient to support a claim of promissory estoppel.

Furthermore, these alleged promises are too vague and indefinite to support a theory of promissory estoppel. There are no facts alleged that Ms. Brach provided Plaintiff with specifics or that she promised that she would engage in any specific type of investigation. And there are certainly no allegations that Ms. Brach promised Plaintiff a particular result or outcome of her review. *See Brinsights, LLC v. Charming Shoppes of Delaware, Inc.*, No. 06-CV-1745, 2008 WL 216969 (S.D.N.Y. Jan. 16, 2008) (an oral conversation where no specifics were provided and only general reassurances about the future were provided was insufficient to plead promissory estoppel); *see also Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co.*, 705 F. Supp. 3d 194, 203–04 (S.D.N.Y. 2023), *aff'd*, No. 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024) (dismissing a promissory estoppel claim based on a phone call between an insurer and the staff of a medical service office because the insurer simply provided information and undertook no obligation or promise to pay a specific amount). The Amended Complaint specifically alleges that Ms. Brach said to Plaintiff, "send me whatever you have, and I'll go over it all, *and I'll see* . . . ." Am Comp. ¶ 92 (emphasis added). Accepting as true these vague promises to engage in a review,

without any allegations that she promised specific actions would be taken or that a certain outcome would be the result, cannot support a claim for promissory estoppel. *See Bd. of Trustees ex rel. Gen. Ret. Sys. of Detroit v. BNY Mellon, N.A.*, No. 11-CV-6345, 2012 WL 3930112, at *6 (S.D.N.Y. Sept. 10, 2012) ("A promise that is too vague or too indefinite is not actionable under a theory of promissory estoppel."). Plaintiff's promissory estoppel claim must be dismissed because the Amended Complaint does not allege facts that demonstrate a clear and unambiguous promise by Defendants.

## II. PLAINTIFF'S EQUITABLE ESTOPPEL CLAIM FAILS AS A MATTER OF LAW

Plaintiff also asserts a claim for equitable estoppel, alleging that in reliance on statements made by Ms. Brach Plaintiff sent her various documents and did not take any action to submit an additional claim based on his latent injuries only for Defendants to later deny his claim. Am. Compl. ¶¶ 103–111. In addition, Plaintiff alleges that the denial letter he received was "misleading and false" because it did not address or set forth any findings "from any review and/or investigation" related to his latent injuries claim. Am. Compl. ¶ 112.

Equitable estoppel is an "extraordinary remedy." *Pulver v. Dougherty*, 58 A.D.3d 978, 980, 871 N.Y.S.2d 495, 496 (3d Dep't 2009); *E. Midtown Plaza Hous. Co. v. City of New York*, 218 A.D.2d 628, 631, N.Y.S.2d 38, 38 (1st Dep't 1995). The doctrine should be "invoked sparingly and only under exceptional circumstances." *Luka v. New York City Transit Auth.*, 100 A.D.2d 323, 325, 474 N.Y.S.2d 32, 35 (1st Dep't 1984), *aff'd*, 63 N.Y.2d 667, 479 N.Y.S.2d 524, 468 N.E.2d 706 (1984). "Under New York law, the elements of equitable estoppel are with respect to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts." *In re Vebeliunas*, 332 F.3d 85, 93–94 (2d Cir. 2003). And, "[t]he

7

part[y] asserting estoppel must show with respect to [it]sel[f]: (1) lack of knowledge and of the means of knowledge of the true facts; (2) reliance upon the conduct of the party to be estopped; and (3) prejudicial changes in [its] positions." *Id.* at 94.

The Amended Complaint fails to sufficiently plead a claim for equitable estoppel. First, Plaintiff alleges that Ms. Brach's use of the word "ok" in response to his statements on the phone about his latent injuries claim amounted to a false representation that she accepted or approved his claim, only to deny it later. Am. Compl. ¶¶ 105–08, 111. These factual allegations cannot support a claim for equitable estoppel because there are no specific facts alleged that show Defendants actually made a false representation to Plaintiff. Ms. Brach generally replying "ok" to Plaintiff's statements about his claim cannot reasonably be understood to amount to a false representation that she had approved his claim. There are no facts alleged that Ms. Brach represented to Plaintiff any particular outcome. In fact, the Amended Complaint specifically alleges that Ms. Brach said, "send me whatever you have, and I'll go over it all, and I'll see . . . ." Am. Comp. ¶ 92. There is no false representation alleged in these facts.

Additionally, the allegations that Ms. Brach said that she would investigate Plaintiff's latent injury claim cannot support his equitable estoppel claim against Defendants. An equitable estoppel claim cannot be based on statements with respect to future actions or conduct. *See Longview Equity Fund, LP v. McAndrew,* 2007 WL 186769, at *5 (S.D.N.Y. Jan. 23, 2007) ("[s]tatements relating to the future conduct of the party, rather than a representation concerning a past or present fact, cannot form the basis for equitable estoppel") (quoting *Solow Mgmt. Corp. v. Hochman,* 191 A.D.2d 250, 251, 594 N.Y.S.2d 751 (1st Dep't 1993)) (internal alterations and quotation marks omitted); *see also DePace v. Matsushita Elec. Corp. of America,* 2004 WL 1588312, at *9 (E.D.N.Y. July 16, 2004) (noting the difference between "claims premised on

promissory estoppel," which require reliance based on a "promise[ ] or a misstatement of future intent," and claims "based on equitable estoppel," which require a misrepresentation of fact).  The statements Plaintiff points to purportedly made by Ms. Brach are not statements of present or past facts, but rather, statements about potential future action, and therefore cannot support a claim of equitable estoppel.

Finally, the Amended Complaint also seems to assert that the denial letter Plaintiff received after the phone call with Ms. Brach amounts to a concealment of material facts by Defendants because it did not include any information about his latent injuries claim.  Am. Compl. ¶¶ 111–12.  However, the statements in the denial letter cannot support Plaintiff's claim of equitable estoppel because there are no allegations that Plaintiff relied to his detriment on the denial letter, to do or not do anything.  *See In re Vebeliunas*, 332 F.3d at 93–94 (dismissing equitable estoppel claim in part because there were no facts alleging reliance on the conduct of the party being estopped).  Thus, the Amended Complaint fails to plead facts to maintain a claim for equitable estoppel.

## III.    PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM FAILS AS A MATTER OF LAW

To sufficiently plead a claim for negligent misrepresentation, a plaintiff must allege that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.  *Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 114 (2d Cir. 2012).

Under New York law "liability for negligent misrepresentation has been imposed only on those persons who possess unique or specialized expertise, or who are in a special position of

confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified." *Kimmell v. Schaefer,* 89 N.Y.2d 257, 263, 675 N.E.2d 450 (1996). Therefore, "the law of negligent misrepresentation requires a closer degree of trust between the parties than that of the ordinary buyer and seller in order to find reliance on such statements justified." *Dall. Aerospace, Inc. v. CIS Air Corp.,* 352 F.3d 775, 788 (2d Cir. 2003); *see also Sarr v. BEF Foods, Inc.*, No. 18-CV-6409, 2020 WL 729883, at *6 (E.D.N.Y. Feb. 13, 2020)(quoting *Mandarin Trading Ltd. v. Wildenstein,* 16 N.Y.3d 173, 180, 944 N.E.2d 1104 (2011)) (A special relationship exists if the defendant "possess[es] unique or special expertise" or is "in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified.")

Here, Plaintiff alleges that when Ms. Brach and he spoke on the phone, for approximately 30-mintues, a special relationship developed requiring her and Defendants to provide accurate information in handling his claim. Am. Compl. ¶ 115. Although the allegations of a special relationship are conclusory, the Second Circuit has stated that a "sparsely pled special relationship of trust or confidence is not fatal to a claim for negligent misrepresentation where 'the complaint emphatically alleges the other two factors enunciated in *Kimmell.*" *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.,* 375 F.3d 168, 188 (2d Cir. 2004) (internal quotations and citations omitted). Plus, "[c]ourts in this circuit have held that a determination of whether a special relationship exists is highly fact-specific and generally not susceptible to resolution at the pleadings stage." *Century Pac., Inc. v. Hilton Hotels Corp.,* No. 03-CV-8258, 2004 WL 868211, at *8 (S.D.N.Y. Apr. 21, 2004) (citation omitted).

Assuming that Plaintiff's allegations regarding the first element of a special relationship are sufficient to withstand a motion to dismiss at the pleading stage, particularly given his *pro se*

status, his Amended Complaint nonetheless fails to state a negligent misrepresentation claim. Specifically, the Amended Complaint does not plead that Defendants made a false representation on which Plaintiff relied as required to support a negligent misrepresentation claim. First, the Amended Complaint states that Ms. Brach "negligently provided incorrect information," including that she said "[w]e don't have any record that there was any claim filed back in 2010 or anytime until those claims . . . until just in February of this year." Am. Compl. ¶ 116. This allegedly incorrect statement cannot be the basis for Plaintiff's negligent misrepresentation claim because there are no allegations in the Amended Complaint that Plaintiff relied on this statement in anyway, let alone relied on this statement to his detriment. *See J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148, 863 N.E.2d 585, 587 (2007) (dismissing negligent misrepresentation claim because there was no evidence that plaintiff relied on defendant's statements in making its decision to purchase stock). Plaintiff also seems to allege that the denial letter he was sent was filled with "false statements." Am. Compl. ¶ 118. For the same reason, the allegedly incorrect statements contained in the denial letter cannot support Plaintiff's negligent misrepresentation claim because he also alleges no facts showing that he relied to his detriment on the statements contained in the denial letter.

In further support of his negligent misrepresentation claim, the Amended Complaint again points to the same statements that Ms. Brach purportedly made on the March 14, 2017 phone call in which she allegedly stated, "send me whatever you have, and I'll go over it all, and I'll see . . . and I'll be in contact with you, once I get that from you." Am. Compl. ¶¶ 117–22. However, Plaintiff fails to allege anything that is false or actually incorrect about Ms. Brach's statements. *See Mandarin Trading Ltd.*, 16 N.Y.3d at 180 (explaining that an essential element of negligent misrepresentation claim is that "the information was incorrect").

Additionally, "an alleged misrepresentation must be factual and not 'promissory or related to future events.' " *Eternity Glob. Master Fund Ltd.*, 375 F.3d at 187–88 (quoting *Hydro Investors, Inc. v. Trafalgar Power Inc.,* 227 F.3d 8, 20 (2d Cir. 2000)).  So, even if Mr. Brach's statements about her intent to review Plaintiff's materials and to investigate his latent injuries claim were false, they relate to promissory future conduct and thus, cannot sustain a claim of negligent misrepresentation.

**<u>CONCLUSION</u>**

For the reasons discussed above Defendants' motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED.  Because Plaintiff has now filed three separate lawsuits predicated on the same underlying factual allegations, Plaintiff failed to state a cognizable claim in the parallel case, and Plaintiff had the opportunity to amend the complaint in this case and has still failed to state a cognizable claim, Plaintiff's Amended Complaint is dismissed with prejudice.  The Clerk of Court is respectfully requested to terminate the motion pending at docket entry 26 and close this case.

**SO ORDERED.**

**Date:  February 21, 2025**
**        New York, NY**

                                        **MARY KAY VYSKOCIL**
                                        **United States District Judge**