**MANDATE**

25-642-cv
*Ng v. Sedgwick CMS Holdings, Inc.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jan 23 2026

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of December, two thousand twenty-five.

PRESENT:
> STEVEN J. MENASHI,
> BETH ROBINSON,
> MYRNA PÉREZ,
>> *Circuit Judges.*

---

**Brian Coke Ng,**

>> *Plaintiff-Appellant,*

> v.                                                                            25-642

**Sedgwick CMS Holdings, Inc., Sedgwick Global, Inc., Sedgwick Inc., Sedgwick, L.P.,**

>> *Defendants-Appellees,*

**Fidelity Sedgwick Corporation, Fidelity Sedgwick Holdings, Inc., The Carlyle Group Inc., Dave North,**

>> *Defendants.*

---

MANDATE ISSUED ON 01/22/2026

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Brian Coke Ng, pro se, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Aaron C. Gross, Sobel Pevzner, LLC, Huntington, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Brian Coke Ng, proceeding pro se, appeals from the judgment of the district court dismissing his amended complaint against Sedgwick Global, Inc.; Sedgwick, Inc.; Sedgwick, L.P.; and Sedgwick CMS Holdings, Inc ("Sedgwick"). Ng alleged that Kmart Pharmacy had improperly filled a prescription and thereby caused him injuries. He sought to assert claims for promissory estoppel, equitable estoppel, and negligent misrepresentation against Sedgwick—the third-party claims administrator for Kmart Pharmacy. The defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint. The district court granted the defendants' motion, concluding that Ng failed to state a claim for promissory estoppel, equitable estoppel, or negligent misrepresentation. *See Ng v. Sedgwick Glob. Inc.*, No. 23-CV-10380, 2025 WL 579972 (S.D.N.Y. Feb. 21, 2025). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 147 (2d Cir. 2021) (quoting *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021)). "We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).

We agree with the district court that Ng's amended complaint failed to state a claim. First, the district court correctly concluded that Ng failed to state a claim of promissory estoppel. "A cause of action for promissory estoppel under New York law requires the plaintiff to prove three elements: 1) a clear and unambiguous promise; 2) reasonable and foreseeable reliance on that promise; and 3) injury to the relying party as a result of the reliance." *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000); *see also NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 202 (2d Cir. 2019). Even assuming that Sedgwick employee Sandra Brach made a clear and unambiguous promise to review his documents and that Ng relied on that promise, Ng did not allege that she failed to complete the review. *See Silver v. Mohasco Corp.*, 462 N.Y.S.2d 917, 920 (3d Dep't 1983) (affirming the dismissal of a promissory estoppel claim because the "plaintiff has not alleged any substantial and concrete injury caused by a failure to keep the alleged promise"). Although Ng was dissatisfied with the outcome of Brach's review, his allegations failed to suggest that she had promised a particular result.

Second, Ng failed to establish an entitlement to equitable estoppel. Under New York law, "equitable estoppel is not a cause of action for affirmative relief, but rather is a defense to preclude the defendants' claim." *Parr v. Ronkonkoma Realty Venture I*, 885 N.Y.S.2d 522, 524 (2d Dep't 2009). In this case, "the defendants have not acted to assert any rights against [Ng]." *Capstone Asset Mgmt. Co. v. Dearborn Cap. Grp. LLC*, No. 21-CV-997, 2021 WL 4250087, at *8 (S.D.N.Y. Sept. 17, 2021). Nor have the defendants raised a defense to which equitable estoppel may apply. *See, e.g., Ross v. Louise Wise Servs., Inc.*, 868 N.E.2d 189, 197-98 (N.Y. 2007) (considering whether equitable estoppel precludes a statute of limitations defense). As a result, Ng's "claim of equitable estoppel must be dismissed." *Capstone Asset Mgmt.*, 2021 WL 4250087, at *8.

Third, the district court properly concluded that Ng failed to state a claim of negligent misrepresentation. "Under New York law, the elements for a negligent misrepresentation claim are that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious

3

purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." *Hydro Invs., Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000). Here, even assuming that a special relationship existed between Ng and Brach, Ng did not plausibly allege that he relied on any purportedly false statement to his detriment.

On appeal, Ng challenges the district court's denial of leave to amend and its failure to remedy a "cyberattack." His arguments are unavailing. Further leave to amend was futile, and Ng does not explain how any technological difficulties prevented him from litigating his case.

We have considered Ng's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit